Slip Op 12-62

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CORNING GILBERT INC., <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BORDER PROTECTION; AND DAVID. V. AGUILAR, IN HIS OFFICIAL CAPACITY AS THE ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | Before: Leo M. Gordon, Judge <br><br> Court No. 11-00511 |

**MEMORANDUM and ORDER**

[Motion to appear as amicus curiae denied.]

Dated: May 14, 2012

    Joseph P. Lavelle and Andrew N. Stein, DLA Piper LLP (US), of Washington, DC for Plaintiff Corning Gilbert Inc. With them on the brief was Melvin S. Schwechter, Dewey & LeBouef LLP, of Washington, DC.

    Amy M. Rubin, Senior Trial Counsel, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendants United States, U.S. Department of Homeland Security, U.S. Customs and Border Protection, and David V. Aguilar, Acting Commissioner of U.S. Customs and Border Protection. With her on the memorandum were Tony West, Assistant Attorney General and Barbara S. Williams, Attorney-in-Charge.

    Patrick D. Gill and R. Brian Burke, Rode & Qualey, of New York, NY for Movant John Mezzalingua Associates, Inc. d/b/a PPC. Of counsel on the motion were Douglas J. Nash and John D. Cook, Hiscock & Barclay, LLP, of Syracuse, New York.

Gordon, Judge:  Before the court is a motion by John Mezzalingua Associates, Inc., d/b/a PPC ("PPC"), pursuant to USCIT Rule 76 for leave to (1) participate as amicus curiae and (2) file briefs regarding all "pending motions or the ultimate disposition of the case."  Mot. to Appear as Amicus Curiae at 4, Dec. 27, 2011, ECF No. 23.  For the reasons set forth below, PPC's motion is denied.

## Background

U.S. Customs and Border Protection ("Customs") excluded Plaintiff's coaxial cable connectors from entry into the United States because Customs determined that they violated a General Exclusion Order issued by the U.S. International Trade Commission ("ITC") on unlicensed connectors covered by U.S. Patent No. 6,558,194, which PPC owns.  Plaintiff, Corning Gilbert Inc., filed a number of protests contesting the exclusion, which Customs denied.  This action ensued.  The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (2006).

## Discussion

In section 1581(a) actions challenging a denied protest, Congress limited the number of interested parties to two: the importer (or someone standing in the shoes of the importer under 19 U.S.C. § 1514) and the Government.  The statute forecloses intervention by any other interested party.  28 U.S.C. § 2631(j)(1)(A) (2006) ("[N]o person may intervene in a civil action under [19 U.S.C. § 1515 or 1516].").  The scope of PPC's motion implicates this statutory prohibition and raises an issue about the appropriateness of the role of amicus curiae in de novo, trial-based proceedings at the U.S. Court of International Trade.  See Stewart-Warner Corp. v. United States, 4 CIT

141, 142 (1982) ("The Court is also somewhat concerned that in this action participation as amicus should not become a substitute for intervention.  Participation in this action by intervention is expressly forbidden by . . . 28 U.S.C. § 2631(j)(1)(A)"); see also United States v. Michigan, 940 F.2d 143, 165 (6th Cir. 1991) ("Amicus curiae may not and, at least traditionally, has never been permitted to rise to the level of a named party/real party in interest nor has an amicus curiae been conferred with the authority of an intervening party . . . .").

USCIT Rule 76, which governs amicus curiae motions, is unique to the U.S. Court of International Trade as a trial-level federal court.  It has no counterpart in the Federal Rules of Civil Procedure, but instead finds a parallel in Rule 29 of the Federal Rules of Appellate Procedure.  Rule 76 is a consequence of the hybrid nature of the subject matter jurisdiction of the U.S. Court of International Trade.  In some actions, e.g., those brought under section 1581(a), the court functions as a federal district court hearing cases de novo; in others, such as those commenced under 28 U.S.C. § 1581(c), the court functions as a federal circuit court of appeals, reviewing determinations based on the record made before an administrative agency.  Rule 76, therefore, should typically find application in those actions in which the court functions as an appellate court.

The specific contours of Rule 76 make this clear.  The rule provides that an applicant may, with the court's permission, file "a brief," and, for extraordinary reasons, participate in "the oral argument."  USCIT R. 76.  These are predominantly (though not exclusively) appellate concepts.  The rule certainly does not contemplate general

participation at the trial level, with everything that entails (e.g., procedural motions, discovery motions, or settlement discussions). The broad scope of PPC's requested involvement—the filing of briefs on all pending motions and the ultimate disposition of this case—is problematic. PPC, in effect, is seeking the same rights as those afforded an intervenor. In the court's view, granting PPC's motion would be akin to granting a motion to intervene, which is statutorily barred by section 2631(j)(1)(A).

With that said, amicus briefs are not altogether unheard of in section 1581(a) actions. See, e.g., Amoco Oil Co. v. United States, 7 CIT 13, 583 F. Supp. 581 (1984) (allowing amicus brief on legal issue of meaning of tariff provision). PPC points out that the court has previously granted an amicus motion in a similar case, Jazz Photo Corp. v. United States, Court No. 04-00494. In Jazz Photo, a domestic patent holder, like PPC, sought to participate as amicus curiae in a section 1581(a) action challenging the exclusion of merchandise covered by an ITC general exclusion order. Although the court granted the motion, it did so without explanation. See Order on Fuji's Mot. to Appear as Amicus Curiae, Oct. 13, 2004, ECF No. 14. More important, in its quite lengthy disposition on the merits involving complex factual findings and conclusions of law related to the underlying patents, the court also resolved in one paragraph a bevy of outstanding motions relating to the amicus curiae (at least six, perhaps more), granting some and denying others. Jazz Photo Corp. v. United States, 28 CIT 1954, 1996, 353 F. Supp. 2d 1327, 1363 (2004), aff'd 439 F.3d 1344 (Fed. Cir. 2006). Reading between the lines, one wonders whether the amicus submissions (and attendant motions) aided the court, or proved more of a burden and distraction.

Court No. 11-00511                                                                                              Page 5

The court understands PPC's desire to participate as the owner of the underlying patent.  PPC has a direct and immediate interest in this litigation.  The court though does not believe that PPC's participation at this point in the litigation will assist with the "just, speedy, and inexpensive determination" of this action.  USCIT R. 1.  Instead, the court believes that PPC may prove more of a hindrance than help, as the court will have to repeatedly weigh whether PPC's participation runs afoul of the prohibition on intervention.  The court in Stewart-Warner said it best:

> In the abstract, the Court sees no limitation to the issues on which a brief by amicus curiae may be found useful.  Nor is it an objection that amicus has an adversarial objective.  However, amicus briefs are solely for the benefit of the Court and their filing and scope are strictly subject to its control.  The granting of an application does not bestow a general right of participation, but rather is limited to those issues which the Court allows the amicus to address.

Stewart-Warner, 4 CIT at 142.  When, as, and if the court determines that PPC's views on a particular legal issue may be helpful (and not a hindrance), the court will invite PPC to file an amicus curiae brief.  Until then, PPC may offer whatever informal assistance Defendant is willing to accept.

For the foregoing reasons, the court denies PPC's motion for leave to appear as amicus curiae.

Court No. 11-00511                                                                                                          Page 6

Accordingly, it is hereby

**ORDERED** that John Mezzalingua Associates, Inc. d/b/a PPC's motion to participate, as <u>amicus curiae</u>, is denied.

                                                                        /s/ Leo M. Gordon
                                                                      Judge Leo M. Gordon

Dated: May 14, 2012
         New York, New York